UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**SHOSHANA MULARZ, as next of kin and mother of S.M., a minor,**

　　Plaintiff,

v.                                                                  Case No: 8:24-cv-1857-MSS-AEP

**THE STANDARD FIRE INSURANCE COMPANY,**

　　Defendant.

## ORDER

**THIS CAUSE** comes before the Court for consideration of Plaintiff's Unopposed Motion for Approval of Settlement of a Minor's Tort Claim (the "Motion"). (Dkt. 25) Plaintiff requests the Court approve a settlement agreement between S.M., a minor, and Defendant, The Standard Fire Insurance Company ("Defendant"). (Id.) The dispute the Parties seek to settle arises out of a motor vehicle collision that resulted in injuries to S.M. (Id. at 7) Upon consideration of all relevant filings, case law, and being otherwise fully advised, the Motion is **GRANTED subject to the modification of the Agreement as directed below.**

In this case, the Court's jurisdiction to approve a settlement on behalf of a minor is governed by Florida law. See Jenkins v. Ramirez, No. 20-cv-865, 2022 WL 2230004, at *2 (M.D. Fla. May 9, 2022). "Under Florida Law, the settlement of a claim on a minor's behalf becomes effective only when certain procedures are followed." Meyers

v. United States, No. 13–cv–1555, 2014 WL 5038585, at *2 (M.D. Fla. Sept. 29, 2014). If the settlement was reached after the start of litigation, "any settlement on behalf of a minor requires the approval of the court 'having jurisdiction of the action.'" Id. (quoting § 744.387(3)(a), Fla. Stat.). "In reviewing the settlement, the court's inquiry is limited to whether the settlement is in the best interests of the minor." Id. In making this determination, the Court considers whether the settlement is "'fair, adequate, and reasonable and is not the product of collusion of the parties.'" Jenkins, 2022 WL 2230004, at *2 (citing In re Smith, 926 F.2d 1027, 1028–29 (11th Cir. 1991)). The minor's guardian may "execute any instrument that may be necessary to effect the settlement." § 744.387(4), Fla. Stat. (2025).

On September 29, 2023, S.M. was a passenger in a vehicle that was rear-ended. (Dkt. 25 at 7) She suffered injuries as a result. (Id.) On July 1, 2024, S.M.'s mother, Shoshana Mularz, sued Defendant on S.M.'s behalf in the Sixth Judicial Circuit Court in and for Pasco County, Florida. (Dkt. 1-1) Defendant removed the case to federal court on August 7, 2024, invoking this Court's diversity jurisdiction. (Dkt. 1)

In exchange for a release of liability, Defendant has agreed to pay a total amount of $100,000.00, which includes $41,000.00 to be paid to S.M.'s counsel for attorneys' fees and $3,595.37 to be paid to S.M.'s counsel for costs. (Dkt. 25 at 8) Costs of medical bills in the amount of $2,000.00 and a delayed cost deposit of $5,000.00 will also be deducted from the settlement amount. (Id.) Net settlement proceeds of $51,404.63 will be held in S.M.'s counsel's trust account until S.M. turns 18 on September 29, 2025.

(Id.) S.M.'s guardian ad litem, Michael Tonelli, recommends the Court approve the settlement. (Id. at 9)

Upon consideration of Plaintiff's allegations and the procedural posture of this case, the Court finds the negotiated settlement with Defendant is fair, adequate, and reasonable. Plaintiff S.M.'s interests were represented by counsel and by her mother, Shoshana Mularz, who shares S.M.'s interest in maximizing the settlement amount. There is no evidence of collusion between the parties.

However, the Court is concerned by the delayed cost deposit of $5,000.00, for which no explanation is provided. The $5,000.00 delayed cost deposit is more than ten times higher than amounts approved by other courts in this district. See Aston v. Blue Van Leasing Corp., No: 21-cv-1432, 2022 WL 21737632, at *1–2 (M.D. Fla. Feb. 10, 2022) (approving a delayed cost deposit of $300.00); Higgins v. United States, No: 23-cv-138, 2024 WL 2883474, at *2–3 (M.D. Fla. May 21, 2024) (same), report and recommendation adopted, 2024 WL 2882226 (M.D. Fla. Jun. 7, 2024); cf. Jenkins v. Ramirez, No. 20-cv-865, 2021 WL 8917975, at *1 (M.D. Fla. Dec. 30, 2021) (denying without prejudice a motion to approve a proposed settlement that deducted a delayed cost deposit of $200.00). Without a verified explanation to justify the seemingly exorbitant amount of this delayed cost deposit, the Court cannot conclude that the proposed settlement is in the best interest of the minor unless the amount is reduced to $500.00.

Accordingly, it is hereby **ORDERED** that Plaintiff's Unopposed Motion for Approval of Settlement of a Minor's Tort Claim, (Dkt. 25), is **GRANTED**, subject to

a modification of the Agreement to reduce the proposed delayed cost deposit to $500.00.

**DONE and ORDERED** in Tampa, Florida this 20th day of August 2025.

_____
MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel of Record
Any Unrepresented Party